Connecticut Local Form Chapter 13 Plan                                                                                           01/04/2019

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

**Fill in this information to identify your case:**

Debtor 1*: First Name: Michael    Middle Name: ____    Last Name: Fronte
Social Security Number: XXX - XX - 9901 (Enter only last 4 digits)

CHAPTER 13 PLAN

Debtor 2* (Spouse, if filing): First Name: ____    Middle Name: ____    Last Name: ____
Social Security Number: XXX - XX - 9901 (Enter only last 4 digits)

Case number (If known): 23-30876

*For purposes of this Chapter 13 Plan, "Debtor" means "Debtors" where applicable.

☒ 3rd Amended Plan (Indicate 1st, 2nd, etc.)    ECF No. of prior plan: 60

Amended Plan: Only complete this section if this is an amended plan before confirmation.
Sections of the Plan that have been amended (list):

| Plan Section(s) | Amendment(s) (Describe) |
|---|---|
| 5.1 | Update amount |

If your plan amendment affects all creditors of a certain class (secured, priority or unsecured non-priority) check each class of creditors affected. If the changes above affect only individual creditors, list each below.

All Creditors (check all that apply):
☐ secured
☐ priority
☒ unsecured, non-priority

☐ The amendment affects individual creditors. List each below.

## I. NOTICES

To Debtors:  Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors by the Debtor and a certificate of service shall be filed with the Clerk.

"Collateral" as used in this Chapter 13 Plan means the property securing a claim.

If the Debtor intends to determine the secured status of a claim pursuant to 11 U.S.C. § 506, or if the Debtor intends to avoid the fixing of a lien that impairs the Debtor's exemption pursuant to 11 U.S.C. § 522(f), then the Debtor must do two things: (1) indicate the Debtor's intention in this Chapter 13 Plan in the space below; and (2) file a separate motion pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f) following the Contested Matter Procedure or local rules adopted after December 1, 2017. If a separate motion is not filed then the Debtor will not be entitled to relief pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f).

The Debtor must check the appropriate box (Included or Not Included) in the chart below. If an item is checked as "Not Included," or if both boxes are checked, the provision will be ineffective if later set out in this Chapter 13 Plan.

| | | |
|---|---|---|
| The valuation of a secured claim pursuant to 11 U.S.C. § 506, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest pursuant to 11 U.S.C. § 522(f), set out in Section 3.3. | ☒ Included | ☐ Not Included |
| Assumption or rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, set out in Section VI. | ☐ Included | ☒ Not Included |

To Creditors:   Your rights may be affected by this Chapter 13 Plan. **You must file a timely proof of claim in order to be paid**. *See* Fed.R.Bankr.P. 3002. Your claim may be modified or eliminated. You should read this Chapter 13 Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the Chapter 13 Plan's treatment of your claim or any provision of this Chapter 13 Plan, you or your attorney must file an objection to confirmation **no later than 7 days before the date set for confirmation of the Chapter 13 Plan**, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this Chapter 13 Plan without further notice if no objection to confirmation is filed. *See* Fed.R.Bankr.P. 3015.

This Chapter 13 Plan does not allow claims. The fact that your claim is classified in this Chapter 13 Plan does not mean that you will receive payment.

To All Parties:   The Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII. The Debtor must check one box in the chart below indicating whether any non-standard provision is Included or Not Included in Section VII of this Chapter 13 Plan.

| | | |
|---|---|---|
| Non-standard provisions, set out in Section VII. | ☒ Included | ☐ Not Included |

| II. | PLAN PAYMENTS AND LENGTH OF PLAN |
|---|---|

The Debtor shall submit all or such portion of future earnings or other future income of the Debtor to the supervision and control of the Chapter 13 Standing Trustee as is necessary for the execution of this Chapter 13 Plan as required by 11 U.S.C. § 1322(a)(1). Payments by the Debtor will be made as set forth in this Section II.

**2.1 Payments to Chapter 13 Standing Trustee.**

The Debtor will make payments to the Chapter 13 Standing Trustee as follows:

$ 2,714.16 per Month for 60 months.

If fewer than 60 months of payments are specified, additional monthly payments may be made to the extent necessary to make the payments to creditors specified in this Chapter 13 Plan.

**2.2 Source of Payments to the Chapter 13 Standing Trustee.**

*Check all that apply.*

- ☐ The Debtor will make payments pursuant to a payroll deduction order.
- ☒ The Debtor will make payments directly to the Chapter 13 Standing Trustee at the following address (include case number on payment):
    Roberta Napolitano, Chapter 13 Standing Trustee
    PO Box 610
    Memphis, TN 38101-0610

### 2.3 Income Tax Refunds.

*Check one.*

- ☒ The Debtor will retain any income tax refunds received during the plan term. Note the Chapter 13 Standing Trustee may reduce the Debtor's deduction for payment of taxes in calculating disposable income if this option is selected.
- ☐ The Debtor will supply the Chapter 13 Standing Trustee with a copy of each income tax return filed during the plan term within 14 days after filing the return and will turn over to the Chapter 13 Standing Trustee all income tax refunds received during the Chapter 13 Plan term.
- ☐ The Debtor will treat income tax refunds as follows:

### 2.4 Additional Payments.

*Check one.*

- ☒ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

### 2.5 Estimated Total Payments.

The estimated total payments to be made by the Debtor under this Chapter 13 Plan to the Chapter 13 Standing Trustee is:

$ 142,534.00

### 2.6 Order of Payments to Creditors by the Chapter 13 Standing Trustee

Payments by the Chapter 13 Standing Trustee to classes of claims shall be made in the following order:

Administrative, Secured, Priority, Unsecured

The Chapter 13 Standing Trustee shall make payments from the funds received from the Debtor pursuant to this Chapter 13 Plan until satisfaction of all costs of administration, all claims entitled to priority under 11 U.S.C. § 507, the present value of all allowed secured claims, and payments to unsecured creditors as provided in this Chapter 13 Plan.

## III. TREATMENT OF SECURED CLAIMS

### 3.1 Secured Claims That Will Not Be Modified.

Secured claims that will not be subject to a valuation motion pursuant to 11 U.S.C. § 506, or to avoidance pursuant to 11 U.S.C. § 522(f), shall be described in this section. Check all that apply.

- ☐ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*
- ☐ There are secured claims treated in this Chapter 13 Plan that are not going to be modified.
- ☒ Arrears payments (Cure) will be disbursed by the Chapter 13 Standing Trustee and regular payments (Maintain) will be disbursed by the Debtor, as specified below.

**1. Creditor:** US Bank Trust National Association as Trustee for Igloo Series IV Trust

Last 4 Digits of Account No.: 7 1 7 3

Check one of the following:
- ☒ Arrearage on Petition Date: $86,548.34
- Interest Rate on Balance: 5.75%
- Regular Payment (Maintain) by Debtor:* $1,100.00 /month

☒ **Real Property**
- ☒ Principal Residence
- ☐ Other (describe)
- Address of Collateral: 5 Skiff Parkway, North Haven CT

Check below regarding real property taxes and insurance:
- ☒ Mortgage payments include escrow for:
  - ☒ Real estate taxes
  - ☒ Homeowners Insurance
- ☐ Debtor pays directly for:
  - ☐ Real estate taxes
  - ☐ Homeowners Insurance

☐ Personal Property/Vehicle
Description of Collateral (include first digit and last four digits of VIN# for any vehicle): ☐-☐☐☐☐

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

**2. Creditor:** Regional Water Authority

Last 4 Digits of Account No.: 2 0 1 2

Check one of the following:
- ☒ Arrearage on Petition Date: $197.62
- Interest Rate on Balance: 18.00%
- Regular Payment (Maintain) by Debtor:* $0.00 /month

☒ **Real Property**
- ☒ Principal Residence
- ☐ Other (describe)
- Address of Collateral: 5 Skiff Parkway, North Haven CT

Check below regarding real property taxes and insurance:
- ☒ Mortgage payments include escrow for:
  - ☒ Real estate taxes
  - ☒ Homeowners Insurance
- ☐ Debtor pays directly for:
  - ☐ Real estate taxes
  - ☐ Homeowners Insurance

☐ Personal Property/Vehicle
Description of Collateral (include first digit and last four digits of VIN# for any vehicle): ☐-☐☐☐☐

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Fed.R.Bankr.P. 3002(c) control over any contrary amounts listed above as to the current installment payment and arrearage. In the absence of a contrary, timely filed proof of claim, the amounts stated above are controlling. If relief from the automatic stay is ordered as to any item of Collateral listed in this Section, then, unless otherwise ordered by the Court, all payments under this paragraph by the Chapter 13 Standing Trustee as to that Collateral will cease, and all secured claims based on that Collateral will no longer be treated by this Chapter 13 Plan.

The Debtor shall pay current real property taxes, personal property taxes, and insurance for property (Collateral) to be retained prior to and after confirmation of any Chapter 13 Plan.

**3.2. Secured Claims Subject to Valuation Motion.**

■ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

**3.3 Secured Claims Subject To Avoidance (11 U.S.C. § 522(f)).**

☐ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

■ The Debtor is seeking to avoid the fixing of judicial liens pursuant to 11 U.S.C. § 522(f). Judicial liens or nonpossessory, nonpurchase money security interests securing the claims may be avoided to the extent that they impair the exemptions under 11 U.S.C. § 522(f) as listed below. A separate motion must be filed and served pursuant to Fed.R.Bankr.P. 7004 and applicable local rules.

To avoid liens pursuant to 11 U.S.C. § 522(f), the Debtor must file and serve a separate motion on the affected creditor(s) pursuant to Fed.R.Bankr.P. 3012, 7004 and 9014(b). The Debtor may at a later date seek to avoid a judicial lien held by a creditor not listed below. The details below are provided for informational purposes only, and are subject to change, without the need to modify this Chapter 13 Plan, based on the resolution of the Debtor's motion to avoid lien. The amount of the creditor's avoided lien, if any, shall be treated with other general unsecured claims and paid *pro rata* provided that the creditor timely files a proof of claim. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Section IV or V as applicable, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under this Chapter 13 Plan. *See*, 11 U.S.C. § 522(f) and Fed.R.Bankr.P. 4003(d). The Debtor discloses the intention to avoid liens held by the following creditors.

| 1. Creditor: Jeffrey Thibodeau | Collateral: 5 Skiff Parkway, North Haven CT |
|---|---|
| Last 4 Digits of Account No.: ☐☐☐☐ | Basis for exemption: Conn. Gen. Stat. § 52-352b(21) ~Homestead |
| Total Amount of Creditor's Claim: $13,014.86 | Amount of exemption that could be claimed: $13,014.86 |
| | Amount of Claim to be treated as unsecured claim: $13,014.86 |

| 2. Creditor: | | Collateral: | 5 Skiff Parkway, North Haven CT |
|---|---|---|---|
| Ford Motor Credit Company LLC | | Basis for exemption: | Conn. Gen. Stat. § 52-352b(21) ~Homestead |
| Last 4 Digits of Account No.: | ☐☐☐☐ | | |
| Total Amount of Creditor's Claim: | $1,492.33 | Amount of exemption that could be claimed: | $1,492.33 |
| | | Amount of Claim to be treated as unsecured claim: | $1,492.33 |

**3.4  Surrender of Collateral.**

☐ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*
■ The Debtor elects to surrender to each creditor listed below the Collateral identified.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | Ford Motor Credit Co | 9 9 0 1 | 2012 Ford F150 |

## IV.  TREATMENT OF FEES AND PRIORITY CLAIMS [as defined in 11 U.S.C. § 507 and 11 U.S.C. § 1322(a)(4)]

**4.1  Applicability Of Post-Petition Interest.**

The Chapter 13 Standing Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in Section 4.4, will be paid in full without post-petition interest. If the court determines the Debtor is solvent or is to be treated as solvent under this Chapter 13 Plan, the Court may order post-petition interest be paid on claims.

Please enter the current interest rate to be paid to the IRS if interest is required to be paid under this Chapter 13 Plan (if the Debtor is being treated as if solvent): ☐ %

If this Chapter 13 Plan proposes to pay post-petition interest on priority claims because the Debtor is being treated as if he or she were solvent, then interest shall be paid, if applicable, as follows: 18% interest per annum to creditors holding priority and general unsecured, municipal tax claims; 12% interest per annum to the State of Connecticut Department of Revenue Service's priority and general unsecured state tax claims; and, fjr% interest per annum to the Internal Revenue Service's priority and general unsecured federal tax claims.

**4.2  Trustee's Fees.**

The Chapter 13 Standing Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments.

**4.3  Administrative Attorney's Fees.**    ☐ PRO BONO

| Total Fees: | Total Expenses: | Paid Prior to Confirmation: | Balance Due: |
|---|---|---|---|
| $4,000.00 | $313.00 | $2,000.00 | $2,313.00 |

Total Allowance Sought: $4,313.00 (Fees and Expenses)

| Payable | [Check one] | ■ Through this Chapter 13 Plan |
|---|---|---|
| $2,000.00 | | ☐ Outside of this Chapter 13 Plan |

Attorneys shall file applications for allowance of compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330 if the total allowance sought exceeds $4,000.00 before confirmation of this Chapter 13 Plan. The Court will consider allowance of compensation and reimbursement of expenses without such an application if the total allowance sought equals or is less than $4,000.00.

### 4.4 Domestic Support Obligation(s).

■ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

### 4.5 Priority Claims.

☐ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

This Chapter 13 Plan may provide for less than full payment of all claims entitled to priority under 11 U.S.C.§ 507(a)(1)(b) only if the Chapter 13 Plan provides that all of the Debtor's projected disposable income for a 5-year period beginning on the date that the first payment is due under this Chapter 13 Plan will be applied to make payments under the Chapter 13 Plan. This Chapter 13 Plan treats claims entitled to priority pursuant to 11 U.S.C. § 507 and 11 U.S.C. § 1322(a)(4), as follows:

1. Name of Creditor: IRS
Proof of Claim Number:
Total Due: $41,027.94
Amount of Principal Due: $0.00
Amount of Interest Due: $0.00
Interest to be Paid Through Chapter 13 Plan?  ☐ Yes  ■ No    Interest Rate: 0.00%

## V.   TREATMENT OF UNSECURED NON-PRIORITY CREDITORS

### 5.1. Unsecured Non-Priority Claims, Dividend To Be Paid.

☐ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

Through this Chapter 13 Plan the Debtor proposes to pay the general unsecured creditors holding claims totaling:

$19,051.86

a dividend of  not less than  0.00%  over a period of  60  months.

If the Debtor is being treated as solvent under this Chapter 13 Plan (so that unsecured creditors receive 100% of their claims plus interest), the interest rate to be paid to unsecured, non-tax claims is 0.00% per annum.

## VI.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES

■ **None**. *If "None" is checked, the rest of this section need not be completed or reproduced.*

## VII   NON-STANDARD PLAN PROVISIONS

☐ **None**. *If "None" is checked, the rest of this section need not be completed or reproduced.*

Non-standard provisions must be set forth below, or in an attachment. A non-standard provision is a provision not otherwise included in the Local Form Chapter 13 Plan or deviating from it. Non-standard provisions set out elsewhere in this Chapter 13 Plan are void.

> Non standard provisions:  Unsecured creditors shall receive 100% plus 7% interest per annum (the Federal Judgment Rate) to creditors holding allowed unsecured non-tax claims; (2) 18% interest per annum to creditors holding priority and general unsecured, municipal tax claims; (3) 12% interest per annum to the State of Connecticut Department of Revenue Service's priority and general unsecured state tax claims; and, (4) 7% interest per annum to the Internal Revenue Service's priority and general unsecured, federal tax claims.

**PURSUANT TO 11 U.S.C. § 1327(b), PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR UPON ENTRY OF AN ORDER CONFIRMING THIS CHAPTER 13 PLAN.**

I declare that the information set forth in the foregoing Chapter 13 Plan is true and correct and is sworn to under penalty of perjury. **By signing and filing this document each Debtor certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Connecticut Local Form Chapter 13 Plan and that this Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII.**

| \s\ Michael Fronte | | |
|---|---|---|
| (Debtor Signature) | (Joint Debtor Signature) | |
| Michael Fronte | June 7, 2024 | |
| Debtor (Type Name) | Date | Joint Debtor (Type Name) | Date |
| \s\ Joseph D'Agostino | June 7, 2024 | |
| Attorney with permission to sign on Debtor's behalf | Date | |

[Note: Each attorney signature on this document is subject to Fed.R.Bankr.P. 9011.]

Note: An original document with the Debtor's inked signature must be maintained by Debtor's attorney.